UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TERRANCE T. BROWN** | **CIVIL ACTION NO. 3:10-CV-0479** |
| **HERBERT BRADLEY** | **CIVIL ACTION NO. 3:10-CV-0481** |
| **BOOKER T. HARDWELL** | **CIVIL ACTION NO. 3:10-CV-0489** |
| **JASON DAVILLIER** | **CIVIL ACTION NO. 3:10-CV-0494** |
| **DONALD SCOTT** | **CIVIL ACTION NO. 3:10-CV-0624** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **ROBERT NOEL, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiffs Terrance T. Brown, Herbert Bradley, Booker T. Hardwell, Jason Davillier, and Donald Scott, all proceeding *in forma pauperis*, filed the instant civil rights complaints pursuant to 42 U.S.C. §1983 on March 17, 2010 and April 12, 2010.[1] Plaintiffs are pre-trial detainees at the Ouachita Correctional Center who are awaiting trial in Louisiana's Fourth Judicial District Court. Plaintiffs complain that they and other detainees who are represented by Public Defenders appointed by the Fourth Judicial District Court are receiving ineffective assistance of counsel. Plaintiffs sued Monroe attorney Robert Noel, Ouachita Parish

---

[1] The complaint was accompanied by the signatures of 24 additional detainees who likewise alleged that they are represented by the Public Defender and are receiving ineffective assistance of counsel. Each putative plaintiff was then ordered to either pay the filing fee or submit a completed application to proceed *in forma pauperis* by April 29, 2010. Three of the original plaintiffs – Bradley, Hardwll, and Davillier – complied with the order and they have been afforded *in forma pauperis* status. Thereafter, on April 12, 2010, plaintiff Donald Scott filed a complaint and an *in forma pauperis* application and requested that he be allowed to join in the litigation.

Since the other plaintiffs did not comply with the order to pay costs or submit a completed *in forma pauperis* application, their complaints will be dismissed and stricken.

Sheriff Royce Toney, District Attorney Jerry Jones of the Fourth Judicial District, Chief Public Defender Jay Nolan, the Fourth Judicial District Court, "District Attorneys," and "Indigent Defender Board of Attorneys" seeking monetary damages for mental distress, lost wages and pain and suffering and "enforcement of ... constitutional rights guaranteed through the Fourteenth Amendment." Plaintiffs also requested dismissal of the pending charges. These matters have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaints be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. §§1915 and 1915A.

*Background*

Plaintiffs are pre-trial detainees in the custody of Sheriff Toney and all are detained at the Ouachita Corrections Center, Monroe, where they are awaiting trial on unspecified criminal charges pending in the Fourth Judicial District Court. Each of the plaintiffs claims to be represented by a Public Defender appointed by the District Court.[2] Plaintiffs complain that their attorneys are not rendering effective assistance.

Specifically, plaintiffs fault their attorneys for (1) failing "... to make objection to a fatally defective bill [of information or indictment]..."; (2) allowing the State to manipulate the judicial system and use trickery to obtain convictions; (3) entering into an "agreement with the state to deprive the petitioners of their constitutional rights..."; (4) waiving the reading of the bill of information and entering pleas on their behalf; (5) violating plaintiffs' right to a speedy trial;

---

[2] Plaintiffs Brown and Hardwell claim that they are represented by attorney George Britton. Plaintiff Bradley claims that he is represented by attorney Charles Kincade and plaintiff Davillier claims that he is represented by attorney Randall Donald. Plaintiff Scott has not alleged who represents him.

(6)  failing to disclose the results of discovery to the plaintiffs; (7) intimidating their clients into pleading guilty; and (8) failing to make proper objections and therefore (9) failing to preserve assignments of error for appeal. [Doc. 1, pp. 5-8]

On the same date the complaint was filed, plaintiffs filed a Motion for a Temporary Restraining Order asking the Court to "... stop both the State and Indigent Defender Board from depriving petitioners of their constitutional and civil rights..." and further requesting protection from retaliation.  [Doc. 3]

On the same date plaintiffs requested appointment of counsel. [Doc. 4]

On April 14, 2010, plaintiff Brown filed an amended complaint in which he again complained of the defendants' practice of waiving the reading of the bill of information or indictment. [Doc. 6] On April 22, 2010, Brown filed another amended complaint complaining that the State was violating the plaintiffs' right to a speedy trial by not formally charging and arraigning criminal defendants within the time limits mandated by Louisiana law.  He again complained about the practice of waiving the reading of the bill of information or indictment. [Doc. 7]  On April 27, 2010, Brown filed yet another amended complaint again complaining about the practices described above. [Doc. 8]

*Law and Analysis*

*1. Screening*

When prisoners sue officers or employees of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate their complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from  defendants who are immune from such relief. 28 U.S.C.1915A;

28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).  Federal courts, with regard to prisoner suits filed *in forma pauperis*, are also authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Civil rights plaintiffs must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in the complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given

yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiffs have provided the facts necessary to complete an initial review and need not be afforded an opportunity to amend.

### 2. *Appointment of Counsel*

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: (1) the type and complexity of

the case; (2) the plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See  Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiffs have managed to file an original complaint setting forth their cause of action against the named defendants.  No special legal knowledge is required of plaintiffs herein. Plaintiffs' claims are not complex.  Further, since dismissal of the complaints has been recommended, appointment of counsel would not benefit the court or the parties. Finally, plaintiffs have failed to demonstrate that they attempted to procure counsel on their own behalf.

Accordingly, plaintiffs' request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to  warrant the appointment of counsel.  Moreover, plaintiffs' request should be denied because they have failed to demonstrate any effort to secure counsel on their own behalf.

### 3. State Actors

Plaintiffs have sued attorney Robert Noel, attorney Jay Nolan (alleged to be the Chief Public Defender of the Fourth Judicial District) and the "Indigent Defender Board of Attorneys." "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally

protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry. *Id.*" *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996).

      The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Landry v. A-Able Bonding, Inc.*, supra, at 203-04 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). While plaintiffs imply that they are being deprived of liberty and property without due process, their claim that the deprivation was the result of the action or inaction of Mr. Noel, Mr. Nolan, or the "Indigent Defender Board of Attorneys" obviously does not.  "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." See *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir.1988); see also *Georgia v. McCollum*, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992); *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Marts v. Hines*, 68 F.3d 134, 135 (5th Cir. 1995);  *Mills v. Criminal District #3*, 837 F.2d 677 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d

1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973). Thus plaintiffs fail to state a claim for which relief may be granted with respect to these defendants.[3]

*4. Immunity*

Plaintiffs also seek money damages from District Attorney Jerry Jones, the Fourth Judicial District Court, and the District Attorneys of the Fourth Judicial District.

Plaintiffs' claims for damages against the District Attorney and his Assistants are barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiffs' claims against the District Attorney and his Assistants are based on their conduct as state's advocates and they are therefore entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

Plaintiffs' claims against the judges of the Fourth Judicial District Court[4] likewise arise

---

[3] Indeed, plaintiffs have alleged absolutely no fault with regard to Mr. Noel or Mr. Nolan. None of these defendants are represented by either Mr. Noel or Mr. Nolan. Thus, even if these two attorneys were considered "state actors" for the purposes of this Report, none of the plaintiffs have stated a claim for which relief may be granted with respect to these defendants.

[4] For the purposes of this Report, it is assumed that plaintiffs' suit against the Fourth Judicial District Court is a suit against each individual judge of the District and not the Court as an entity. Of course, the "Fourth Judicial District Court" is not a juridical person or entity capable of being sued. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D.La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir.1976).

out of the performance of these defendants' judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). Plaintiffs do not allege that the judges' actions occurred outside of either their chambers or the court. Thus, according to *Eitel*, their actions were within their respective jurisdictions and they enjoy absolute immunity from plaintiffs' claims.

### 5. *Habeas Corpus*

Plaintiffs' complaints were filed pursuant to 42 U.S.C. § 1983 which provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

However, in addition to money damages and injunctive relief, plaintiffs seek the dismissal of their pending charges – a remedy which would ultimately result in their immediate release from custody.[5] "A *habeas* petition, ... is the proper vehicle to seek release from custody."

---

[5] Plaintiffs have named Sheriff Toney as a defendant; however, they have alleged no fault on his part. It must be assumed that he is named in his capacity as custodian of the plaintiffs in this putative habeas corpus claim.

*Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). (See also *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that *habeas corpus* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). Thus, by requesting the dismissal of the pending charges and their immediate release, plaintiffs have combined habeas corpus claims with their civil rights claims.

"[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987). In this instance, multiple plaintiffs have adopted the pleadings filed by plaintiff Brown; while they may assert identical claims for relief, in general, with respect to their civil rights complaint, the same cannot be said with respect to whether or not each individual plaintiff may be entitled to *habeas* corpus relief.[6] Therefore, since the habeas claims cannot be separated from the civil rights claims the undersigned recommends that the *habeas* claims be dismissed for failing to state a claim for which relief may be granted pursuant to 42 U.S.C. §1983.[7]

---

[6] For example, each individual plaintiff may or may not be able to demonstrate that their custody at this time is in violation of the Constitution or laws of the United States.

[7] Even if the undersigned split this *habeas* claim from the civil rights complaint, the plaintiffs' would not be entitled to relief. A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. See *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.1998) (construing petition filed to seek release from pending state criminal proceeding as brought under 28 U.S.C. § 2241). However, federal *habeas* relief is generally unavailable to litigants until they have exhausted available state court remedies. While it is only in the post-trial setting that exhaustion is mandated by statute, (see 28 U.S.C. § 2254(b)) the jurisprudence holds that although § 2241 establishes jurisdiction in the federal courts to consider pre-trial *habeas corpus* petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See, e.g., *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-492, 93 S.Ct. 1123, 1126-1128, 35 L.Ed.2d 443 (1973); *Ex parte Royall*, 117 U.S. 241, 250-54, 6 S.Ct. 734, 739- 41, 29 L.Ed. 868, 871-72 (1886); *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

*6. Temporary Restraining Order*

Plaintiffs have moved for a Temporary Restraining Order (TRO) asking the Court to "... stop both the State and Indigent Defender Board from depriving petitioners of their constitutional and civil rights..." and further requesting protection from retaliation. [Doc. 3]

A movant for a preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse

---

The jurisprudentially crafted exhaustion doctrine of § 2241(c)(3) was crafted on federalism grounds in order to protect the state courts' opportunity to initially confront and resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state adjudicatory process. See *Braden*, 410 U.S. at 490-91, 93 S.Ct. at 1127- 28; *Atkins*, 644 F.2d at 546; *Moore*, 515 F.2d at 442.

In *Braden*, the Court also noted, "... federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court..." (*Braden*, 410 U.S. at 489, 93 S.Ct. at 1127), and, "nothing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493, 93 S.Ct. at 1129.

In order to satisfy the exhaustion requirement, the party seeking *habeas* relief must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971). Under the law of Louisiana, a detainee claiming that he is entitled to immediate release must raise his challenge by a writ of *habeas corpus* under the criminal jurisdiction of the appropriate district court. *Madison v. Ward*, 00- 2842 (La.App. 1st Cir.7/3/02), 825 So.2d 1245, 1254 (en banc). The district court's denial of such a claim is not appealable; however, it is reviewable by the appropriate court of appeal by supervisory writ. LSA-C.Cr.P. art. 369; *Madison*, 825 So.2d at 1250; *Bernard v. Louisiana Dept. of Public Safety and Corrections*, 2000-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413. Thereafter, a state *habeas* petitioner must seek further review in the Louisiana Supreme Court.

Additionally, for a claim to be fairly presented the federal *habeas* petitioner must have presented his state court claims to the highest state court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988) (*per curiam*). Only by raising his claims at each level of the state courts in a procedurally proper manner, are the state courts given "a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). Thus, when a *habeas* petitioner raises his claims in a procedurally proper manner, the state courts are given the requisite "... fair opportunity to hear and consider the claims." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). Plaintiffs have not fairly presented their federal *habeas* claims to the highest state court for review, therefore, they would not be entitled to federal *habeas* relief at this time.

11

effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiffs cannot prevail in their request for a TRO because they cannot demonstrate a likelihood of success on the merits. As shown above, each claim has been determined to be frivolous, to fail to state a claim for which relief may be granted, or to seek money damages from defendants who are immune from suit. Further, plaintiffs' allegations concerning their fear of retaliation are conclusory at best and, standing alone do not establish a "substantial" likelihood of irreparable harm.

### *Order and Recommendation*

Based on the foregoing,

The above captioned civil actions are hereby **CONSOLIDATED**, and

Plaintiffs' Motion for Appointment of Counsel [Doc. 4] is **DENIED** and,

**IT IS RECOMMENDED THAT** plaintiffs' civil rights complaints, including their request for injunctive relief and a temporary restraining order [Doc. 3] be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking money damages from defendants who are immune from suit pursuant to the provisions of 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 7, 2010.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE