

RECEIVED
IN MONROE, LA

JUL 0 2 2010
AC
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| TERRANCE T. BROWN | CIVIL ACTION NO. 3:10-CV-0479 |
| HERBERT BRADLEY | CIVIL ACTION NO. 3:10-CV-0481 |
| BOOKER T. HARDWELL | CIVIL ACTION NO. 3:10-CV-0489 |
| JASON DAVILLIER | CIVIL ACTION NO. 3:10-CV-0494 |
| DONALD SCOTT | CIVIL ACTION NO. 3:10-CV-0624 |
| | |
| VERSUS | SECTION P |
| | |
| | JUDGE ROBERT G. JAMES |
| | |
| ROBERT NOEL, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court are the instant civil rights complaints filed on March 17, 2010, and April 12, 2010, by *pro se* Plaintiffs Terrance T. Brown, Herbert Bradley, Booker T. Hardwell, Jason Davillier, and Donald Scott pursuant to 42 U.S.C. §1983.

On May 7, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 9] in which she ordered consolidation of the cases, denied appointment of counsel, and recommended that the Court dismiss Plaintiffs' claims, including their requests for injunctive relief and temporary restraining orders, with prejudice as frivolous, for failing to state a claim, and for seeking money damages from certain Defendants who are immune from suit.

On May 14, 2010, Plaintiffs filed objections to the Report and Recommendation [Doc. No. 13].

Having fully considered the record, including Plaintiffs' objections, the Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge with the following additional analysis.

Plaintiffs are pre-trial detainees at the Ouachita Correctional Center who are awaiting trial in Louisiana's Fourth Judicial District Court. They complain that they and other detainees who are represented by Public Defenders appointed by the Fourth Judicial District Court are receiving ineffective assistance of counsel. Among other claims, Plaintiffs fault their attorneys for allowing the State to manipulate the judicial system and use trickery to obtain convictions and for entering into an "agreement with the state to deprive the petitioners of their constitutional rights . . . ." [Doc. 1, pp. 5-8].

With regard to Plaintiffs' claims against attorney Robert Noel, attorney Jay Nolan (alleged to be the Chief Public Defender of the Fourth Judicial District), and the "Indigent Defender Board of Attorneys," the Magistrate Judge concluded that Plaintiffs failed to state a claim upon which relief can be granted because "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988). The Court agrees that, in general, public defenders and private attorneys appointed to represent the indigent are not state actors for purposes of § 1983. *See Vermont v. Brillon*, –U.S.–, 129 S. Ct. 1283, 1291 (2009). However, state public defenders, or even private individuals, are not immune from liability under § 1983 for alleged conspiratorial action with state officials. *Tower v. Glover*, 467 U.S. 914, 923 (1984); *Brewer v. Bartlett*, 988 F.2d 1214, 1993 WL 82456, at *1 (5th Cir. 1993) (same).

In this case, Plaintiffs do allege that the named attorneys and the "Indigent Defender Board of Attorneys" acted in concert with the State and the District Attorney's Office to violate Plaintiffs' constitutional rights. Nevertheless, Plaintiffs filed original Complaints and amended the Complaint in the lead case three times without ever raising facts that would support their allegations of a conspiracy to violate their constitutional rights. Therefore, Plaintiffs' allegations

are insufficient to state a claim as a matter of law.

Further, Plaintiffs have no cause of action against Mr. Noel, Mr. Nolan, or the "Indigent Defender Board of Attorneys." As the Magistrate Judge noted in her Report and Recommendation, Plaintiffs "have alleged absolutely no fault with regard to Mr. Noel or Mr. Nolan. None of these defendants are represented by either Mr. Noel or Mr. Nolan. Thus, even if these two attorneys were considered 'state actors' for the purposes of this Report, none of the [P]laintiffs have stated a claim for which relief may be granted with respect to [Mr. Noel and Mr. Nolan]." [Doc. No. 9, p.8 n.3]. Even if, as Plaintiffs contend, Mr. Nolan is the "head" public defender, and he was responsible for appointing counsel to represent them, he is not liable under a theory of respondeat superior. *See Polk County v. Dodson*, 454 U.S. 312, 325-27 (1981). The "Indigent Defender Board of Attorneys" is not itself an entity capable of being sued, and, even if it were, Plaintiffs again appear to assert the same type of respondeat superior claims against the board, which are not actionable either.

Finally, in their objections, Plaintiffs allege that they "clearly stated in [their] Petition" that they "have been discriminated by race and prejudice by the State of Louisiana and their State Official and its [sic] still going on and still being deprive [sic] of our life and liberty without Due Process of Law and the violation of the Equal Protection Clause by their unconstitutional practice and violation of Code of Ethic [sic], unfair Judicial system that violates our Civil Rights." [Doc. No. 13, p. 1]. Plaintiffs did indeed refer to bias and prejudice in their original and amended complaints, but they did not clearly refer to race discrimination in the original complaints, nor in the three amendments. Plaintiffs' bare assertion is insufficient to support a claim against Defendants.

For the reasons stated in the Report and Recommendation of the Magistrate Judge and for

the reasons stated in this Ruling, Plaintiffs' claims are DISMISSED WITH PREJUDICE as frivolous, for failing to state a claim upon which relief can be granted, and for seeking money damages from certain Defendants who are immune from suit.

MONROE, LOUISIANA, _____ July 2 _____, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE